## DICKEY, trustee, v. GRAY LUMBER COMPANY.

When the averments of the petition are taken most strongly against the plaintiff, they fail to set forth a cause of action; and there was no error in dismissing the same upon the grounds taken in the demurrer.

Submitted July 18, 1906.—Decided February 16, 1907.

Action for breach of warranty. Before Judge Parker. Coffee superior court. October 13, 1905.

Dickey, as trustee in bankruptcy for Allison, brought suit against the Gray Lumber Company, alleging that on April 23, 1901, the defendant conveyed to Allison all of the pine trees growing upon certain lots of land. The petition contained a list of the lots referred to, the number of acres in each, the land district in which it is situated; and, opposite the number of each lot, under the heading, "Expiration of lease," appears the date April 16, 1902. It is alleged, that the defendant warranted the title (and a copy of the deed is attached to the petition); that Allison was never able to obtain possession, for the reason that on the————day of————, 1901, J. W. Wall entered upon the land and began cutting the timber thereon; that Allison, in order to prevent Wall from cutting the timber, filed a petition for injunction and gave due notice to the defendant of the pendency of the suit, and requested it to come in and defend; and that the defendant did unite with Allison in the conduct of the suit. An interlocutory injunction was granted, but was dissolved upon Wall giving bond. Allison amended his petition, and asked that he be allowed to recover damages; and, upon the trial of the amended petition, a verdict was rendered in favor of Wall. It is alleged that the question actually submitted to the jury in that case, and actually determined by them, was whether the lease under which the Gray Lumber Company held the land had expired prior to the time of the filing of the injunction suit by Allison, and the finding of the jury was to the effect that the lease had expired prior to the filing of such suit. It is alleged that there has been a failure of title to all of the timber described in the conveyance of the defendant Allison, and therefore a breach of the warranty has occurred, and the petition prays for damages on account of such breach. The deed attached as an exhibit to the petition is a conveyance from the Gray Lumber Company to Allison, describing, as the property conveyed, "all the pine trees

growing and being upon said timber land, hereinafter described,. as sold to the parties of the first part by James S. Suydam, March 18, 1906, deed recorded in Irwin county." The description of the lease and the date of expiration of the lease as to each lot is the. same as appears in the petition. These words follow the descrip- tion: "and the parties of the first part will warrant and defend the title to the said described timber." The plaintiff amended his petition by alleging, that no lease was ever made by Suydam to the Gray Lumber Company, but that it succeeded to all the rights. of Gray & Company and other named persons, all being stockholders. in the Gray Lumber Company at the time that that company was. formed; and that they received stock in the corporation in lieu of their lease on the timber described in the petition. A copy of the conveyance to these parties from Suydam is attached as an exhibit. This conveyance is a deed from Suydam to B. B. Gray and others,. which describes the property conveyed as being "all the pine trees. growing and being upon the timber lands hereinafter described, and all of said grantor's rights, title, and interest in and to the said pine trees, timber privileges, leaseholds, or other interest or property,. upon, appertaining to, or connected with the said hereinafter de-- scribed timber lands, for sawmill and general logging purposes." The land described in this deed embraces, besides others, all of the. lots described in the petition and in the deed from the Gray Lum- ber Company to Allison. Opposite the number of each lot is a date,. under the heading "Expiration date," and the date as to all of the. lots embraced in the deed from the Gray Lumber Company to Allison is the same as that stated in the deed from the Gray Lum- ber Company to Allison, to wit, April 16, 1902. To this petition the defendant filed a demurrer upon the following grounds: that there is no cause of action set forth; no paramount title is alleged in Wall or any other person: it is not alleged that Allison has paid off outstanding encumbrances; it is not alleged that possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend; it is not al- leged that Allison was ever in possession of the premises or the timber, or that he ever demanded possession, or that the defendant ever refused to deliver possession; that there is no covenant of general warranty in the conveyance which is the foundation of the suit; that the defendant only leased the pine trees "as sold to the

Gray Lumber Co. by Suydam," and not all of the pine trees growing on the lots; and it is not alleged in any part of the petition upon what theory or limitation the jury, in the suit brought by Wall, determined that the lease had expired. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*Hal Lawson, L. Kennedy,* and *D. B. Jay,* for plaintiff.

*Lankford & Dickerson,* for defendant.

COBB, P. J. (After stating the facts.) Under the deed from Suydam to Gray and others, the grantees acquired only the right to cut such trees as at the date of the deed were suitable for sawmill and general logging purposes; and the right to cut was limited as to time. The time limit, so far as the lease in question is concerned, expired on April 16, 1902. If none of the timber embraced in the conveyance had been cut, the right to cut any of it terminated on the date above referred to. If a portion of it only had been cut before that date arrived, then the right to cut the remainder ceased upon that date. If all of the timber suitable for sawmill and general logging purposes was actually cut before that date arrived, the lease also terminated. That is to say, when a timber lease is taken, which only embraces the timber of a certain character growing on the land at the date of the lease, and there is a time limit in the lease, the lease terminates either when the time stipulated arrives, or when the timber has been actually cut and removed, even though this is done before the expiration of the time limit. See, in this connection, *Allison* v. *Wall,* 121 *Ga.* 822. The deed from the Gray Lumber Company to Allison is not a conveyance in fee simple of all of the timber upon the lots mentioned in that paper. The deed refers in terms to the deed from Suydam, and the grantor conveys "all the pine trees . . as sold to the grantor by Suydam." It was the evident intention of the parties, as indicated by the language of the conveyance, that the grantor sold, and the grantee bought, all the rights—no more, no less—that the grantor acquired under the conveyance from Suydam to its predecessor in title. The date of the deed to Allison was April 23, 1901. The petition does not show the date upon which Wall began to cut, the year 1901 only being named. It therefore can not be determined, from the averments of the petition, whether Wall began cutting before the date of the deed to Allison or after that date. If Wall began to cut before that date, and at the time

the deed was made to Allison all of the timber suitable for sawmill and general logging purposes had been cut, Allison acquired nothing under the deed from the Gray Lumber Company. The petition does not disclose the date when the application for injunction was filed by Allison against Wall. It is alleged that the jury, upon the trial of that case, made a finding that the lease to the Gray Lumber Company had expired before the suit was filed. It is not alleged whether this finding was based upon the fact that the time for the expiration of the lease had arrived, or whether the lease had expired by reason of the fact that all of the timber upon which the lease was operative had been cut and removed from the premises prior to that date. If any of the timber suitable for saw-mill and general logging purposes which was upon the land at the time of the Suydam deed was still standing at the date of the deed from the Gray Lumber Company to Allison, the title to such timber passed to Allison, and the covenant of warranty in the deed was broad enough to cover such timber; and if Allison lost the same by a defect in the title of the Gray Lumber Company, there would be a breach of the warranty entitling him to damages. On the other hand, if at the date of the deed to Allison no timber of the character above referred to was standing upon the land, the warranty in the deed being limited only to such interest as the predecessors in title of the Gray Lumber Company had acquired from Suydam, nothing passed under the deed, and there would be nothing for the warranty to operate upon, and the plaintiff would not have any right of action on such covenant. It was incumbent upon the plaintiff to set forth plainly, fully, and definitely the foundation of his claim against the defendant. The averments of the petition are entirely consistent with the theory that at the date of the deed from the Gray Lumber Company to Allison all of the timber of the character above described in the Suydam deed had been cut, and the lease from Suydam was at an end. The lease from the Gray Lumber Company to Allison had then nothing upon which to operate; and whatever may be the rights of Allison against the Gray Lumber Company under such circumstances, he would not be entitled to bring suit upon a breach of warranty of the limited character that his covenant contains. It was within the power of the plaintiff to describe exactly the condition of affairs by filling the blanks in the date when Wall began to cut, and by describing

with definiteness the terms of the finding of the jury in the injunction suit brought against Wall; and having failed to do so, the averments of the petition being at best doubtful and equivocal, all doubts must be resolved against him; and when this is done, he has failed to show a right of recovery. Many other points were argued in the briefs, but what we have said, we think, finally disposes of the case, and it is unnecessary to refer to these other questions.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*